PREMIER MALT PRODUCTS CO., Appellant, v. Herman KASSER, Trading as Blue Anchor Malt Distributing Company, et al.; Appellees.

Circuit Court of Appeals, Third Circuit.
June 21, 1928.

No. 3772.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Decree (23 F.[2d] 98) affirmed.

E. Hayward Fairbanks, of Philadelphia, Pa., for appellee Philadelphia Malt Extract Co.

Paul C. Wagner and Joseph S. Clark, Jr., both of Philadelphia, Pa., and Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., for appellant.

T. Bertram Humphries and Joshua R. H. Potts, both of Philadelphia, Pa., for other appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit judge. In the court below the Premier Malt Products Company filed a bill to restrain infringement by defendants of its registered trade-mark "Blue Ribbon" as applied to malt extract, and for relief against unfair competition in the use of an infringing label using the words "Blue Anchor." From a decree dismissing the bill, this appeal was taken.

The case involves no principles of the law pertaining to trade-marks or unfair competition, but, like most such cases, depends on its own individual facts. Both parties sell in the same market the malt extract generally sold by dealers. Both sell in tin cans of the ordinary size and common form used in the trade. Imitation, therefore, centers in the alleged simulation of the plaintiff's Blue Ribbon Malt Label by the defendant's Blue Anchor Malt label. To our mind the alleged label similarity is not such as would enable a court, from the labels themselves, to hold the defendant's label was a deceptive simulation of the plaintiff's, and one which would probably deceive and mislead buyers; and, as the plaintiff failed to satisfactorily prove that any one had been or was likely to be deceived into buying the defendant's malt under the belief he was buying the plaintiff's, we find no error in the court below dismissing the bill against the one defendant who sold the labeled goods and the other who, in the course of trade, furnished him with the malt in unlabeled cans. But we deem it proper to say that the plaintiff filed its bill with commendable promptness after learning of the defendant's use of this new label, and the use of such label has been for so short a time that, if confusion has occurred, the proof thereof was practically impossible. While, therefore, the bill is dismissed, it is without prejudice to the plaintiff's hereafter filing another bill, in case the defendant's label is leading to confusion, misleading buyers, or evidences unfair competition.

---

2

Leonard A. RIZZOLO, alias Phillip Russo, and Gus Piccirillo, Plaintiffs in Error, v. UNITED STATES, Defendant in Error.

Circuit Court of Appeals, Second Circuit.
June 4, 1928.

No. 332.

In Error to the District Court of the United States for the Eastern District of New York.

Vine H. Smith, of New York City (Otho S. Bowling, of New York City, of counsel), for plaintiffs in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. Judgment affirmed.